Town of Union, Plaintiff-Respondent,

v.

City of Eau Claire, Defendant-Appellant.

Court of Appeals

*No. 02–3393–FT. Submitted on briefs April 7, 2003.—Decided June 10, 2003.*

2003 WI App 161

(Also reported in 667 N.W.2d 810.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Stephen C. Nick* of Eau Claire.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *John D. Hibbard* of Eau Claire.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1.   CANE, C.J.   The City of Eau Claire appeals an order granting a permanent injunction preventing it from constructing a storm sewer in the Town of Union.[1] The City contends the trial court erred when it determined the sewer's construction required the Town's approval. We conclude the trial court did not err and therefore affirm the order.

### Background

¶ 2.   The Town of Union is located to the west of the City of Eau Claire. In August 2001, the City asked

---

[1] This is an expedited appeal under WIS. STAT. RULE 809.17. All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

the Town for permission to place a storm sewer in the Town along town roads and under two private lots.[2] The proposed sewer would connect two "pond facilities," both located in the City. In two letters to the Town, John Genskow, the City's deputy director of public works, said that the project was intended to mitigate drainage problems on the west side of the City and would drain land in both the City and the Town. The Town granted the City a permit to place the sewer under the roads, but denied the request regarding the private land, explaining the various reasons the Town considered the sewer plan shortsighted.

¶ 3.  Despite the lack of approval, the City went ahead with its construction plans. The Town obtained an ex parte temporary injunction, which the City then moved to vacate. The City argued it did not need the Town's approval under WIS. STAT. § 60.52(1)[3] because the portion of the sewer under the private lots was an "interceptor" that did not serve the lots.[4] After a hearing, the court denied the motion to vacate and indicated it would likely make the injunction permanent.

---

[2] The City had already obtained a utility easement from the property owners.

[3] WISCONSIN STAT. § 60.52(1) provides:

> **Sewer and water systems of adjoining municipality. (1)** With the approval of the town board, any city or village adjoining a town may construct and maintain extensions of its sewer or water system in the town. An extension of a sewer or water system under this subsection is subject to s. 62.175 (1) and the rights of abutting property owners.

[4] "A sewer interceptor is a large-diameter sewer pipe which is constructed deep in the ground and receives sewage from main-line sewers, but does not receive sewage from laterals or collectors." *Danielson v. City of Sun Prairie*, 2000 WI App 227, ¶ 2 n.2, 239 Wis. 2d 178, 619 N.W.2d 108.

¶ 4. The City then requested to make an offer of proof to augment the record. Genskow was the only person to testify.[5] He said the proposed sewer had two "catch basin" inlets on the section that ran under the road, but none on the private property. According to Genskow, the only way water from the Town would drain into the sewer, besides the two inlets on the road, would be if it flowed into the City and its inlets.

¶ 5. The court made the injunction permanent.[6] Pointing to Genskow's letters, it found that the proposed sewer would have inlets within the Town and, therefore, required Town approval under Wis. Stat. § 60.52(1) and *Danielson v. City of Sun Prairie*, 2000 WI App 227, 239 Wis. 2d 178, 619 N.W.2d 108. The City appeals.

## Discussion

██

¶ 6. Central to this appeal's resolution is Wis. Stat. § 60.52(1) and our interpretation of it in *Danielson*. The interpretation of a statute is a question of law we review de novo. *See Agnes T. v. Milwaukee County*, 189 Wis. 2d 520, 525, 525 N.W.2d 268 (1995). In *Danielson*, a landowner and the township he lived in both sued the City of Sun Prairie after the city condemned part of the landowner's property for a sewer easement. *Id.*, ¶ 2. They argued the city was required to obtain the town's permission before condemnation under § 60.52(1). *Id.* After analyzing the statute, we

[5] The Honorable Lisa Stark presided over the offer of proof.

[6] The findings of fact in the order making the injunction permanent do not refer to any evidence introduced at the offer of proof. It appears the order was drafted prior to the offer of proof.

concluded the city did not need the town's permission because the sewer in that case did not impact the town's sewer service. *Id.,* ¶ 13. We determined the phrase "extensions of [its] sewer or water system in the town," was ambiguous and, looking at the statutory history, concluded that it referred to sewers that provided services to town residents and not to sewers, such as the one in that case, that merely passed through the town without providing service to its residents. *Id.*

██

¶ 7.   The rule established in *Danielson* is that a city extending its sewers through a town need not obtain the town's permission if the sewer does not provide services or have a financial impact on the town's residents. *See id.* In light of *Danielson,* the court's determination here that the sewers would drain land in the Town is critical to our resolution of the appeal.

¶ 8.   In its decision, the court made these findings of fact:

> 2. The Defendant sought permission from the Plaintiff to construct the City's storm sewer on private land in the Town by letter signed by John R. Genskow, Deputy Director of the Department of Public Works, dated August 16, 2001, which letter stated in part that the project " . . . will drain land both in the City of Eau Claire and the Town of Union."

> 3. Another letter on the subject dated August 31, 2001, signed by Mr. Genskow also stated that the project " . . . will drain land both in the City of Eau Claire and the Town of Union" and a letter from City Attorney Nick dated October 31, 2001, stated that the improvements to the City's storm sewer system would be " . . . to the benefit of town and city residents."

¶ 9.   The City does not dispute that there are inlets on the proposed sewer. Instead, the City argues

that the project must be examined in its component parts. All that is at issue in this appeal, the City claims, is the portion of the sewer on the private lots; the Town already approved the portion located under the road. The City argues because the inlets are on the road portion, and there are none on the private lots, the Town cannot object to the portion on the private lots. We disagree.

¶ 10. We noted in *Danielson*:

> Finally, it makes sense that the legislature intended to recognize a town's interest in an extension of a city's sewer or water system in the town if the extension would have an impact on town residents, such as providing and charging for water or sewer service or reviewing the quality of service provided. Giving a town a right to prior approval for that type of an extension is a logical way for the legislature to have provided for a town's interest in ensuring that the needs of its residents are met. However, a town would have no similar interest if there were no financial or provision of services impact on town residents.

*Danielson*, 239 Wis. 2d 178, ¶ 12.

¶ 11. The rationale of *Danielson* is that WIS. STAT. § 60.52 only requires town permission if the sewer project will impact the sewer service of the town and its residents. Here, the proposed project affects the drainage within the Town, and therefore has an impact on its residents. That the sewer does not drain directly from the private lots does not diminish the interest the Town has in ensuring that the drainage needs of its residents are met. The City needs the Town's permission to move forward with that part of the project on the private lots.

¶ 12. Finally, the City argues it should not be bound by the letters Genskow sent to the Town describing the project because they are merely the opinions of

an employee and cannot be used to demonstrate that the City actually believed the contents or to bind the City to an agreement. Instead, the City contends that the project's plans and Genskow's testimony are determinative. We agree. The plans and the testimony show that the proposed sewer would provide service to the Town, and the letters support this determination. As a result, the City needed the Town's approval for all aspects of the project and the court properly issued the permanent injunction.

*By the Court.*—Order affirmed.